## JOHNSON *v*. DISTRICT OF COLUMBIA.

PHYSICIANS; CONTAGIOUS DISEASES; REPORT OF.

The conviction in the police court of a physician on an information based upon the act of Congress of December 20, 1890, requiring every physician who becomes aware of the existence of any case of scarlet fever or diphtheria in his charge to report the same to the health office, is not supported by evidence that the defendant, a physician in charge of a charitable dispensary at which contagious diseases were not treated, examined a child brought to the hospital for treatment, diagnosed the case as one of diphtheria, declined to prescribe, and refused to take charge of the case, suggesting that the child be taken home and isolated and a physician called in, and that he had failed to report the case to the health office.

No. 1637. Submitted March 6, 1906. Decided April 3, 1906.

IN ERROR to the Police Court of the District of Columbia.
*Judgment reversed.*

The COURT in the opinion stated the facts as follows:

An information in the police court charges that Louis H. Johnson, of the District of Columbia, "being then and there a registered physician in charge of a certain person infected with a contagious disease, to wit, diphtheria, did fail and neglect to report the same to the health officer of the District of Columbia within twenty-four hours after becoming aware of the existence of said disease, on a form furnished by the said health officer, to wit, a case of diphtheria in the person of one Mildred Carey, contrary to and in violation of an act of Congress," etc.

The proof showed that the defendant was a registered practising physician, and on October 19, 1905, the date charged in the information, was the physician in attendance at the Woman's Dispensary. That Mildred Carey, an infant, attended by her mother, called at the dispensary; that, having heard the history of the case and made a casual examination, and being of the opinion that she had diphtheria, defendant refused to treat the patient, and suggested to the mother to take the child home, isolate her from the rest of the family, and call in a physician. It was further shown that the child had diphtheria at the time, and that defendant made no report of the case to the health officer. On behalf of the defendant, it was shown that the dispensary is a charitable institution supported by an appropriation by the board of charities, and donations from such patients as are able to pay 10 cents. That defendant received no compensation for his services, and rendered the same as an act of charity. That the dispensary is open from 1 to 3 o'clock each day, except Sunday, for the treatment of the diseases of women and children. That it was a rule of the institution that no contagious diseases could be treated by its physicians at the same. That there were no facilities for such purposes. That it had been the universal custom to refuse to treat a contagious disease when discovered. That defendant was told that the child, when presented to him, had a sore throat. That, after hearing the statement of conditions and examining the patient's throat, he diagnosed the case as one of diphtheria, declined to prescribe, and refused to take charge of the case. That in all cases of scarlet fever and diphtheria which had come under his charge as a physician he had uniformly complied with the act of Congress, upon blanks furnished by the health department. That it had never been the practice of the dispensary physicians to report cases coming under their observation while in attendance there, and no blanks had been furnished to the institution for that purpose.

Upon this evidence, the defendant moved the court to enter a judgment of not guilty. This was denied, and the defendant

was adjudged guilty and fined $25.  Upon application, a writ of error was granted to review the judgment.

*Mr. John C. Gittings* and *Mr. J. M. Chamberlain* for the plaintiff in error.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The information was presented under section 1 of the act of Congress approved December 20,1890, which reads as follows: "That from and after the passage of this act, it shall be the duty of every registered practising physician, or other person prescribing for the sick in the District of Columbia, to make report to the health officer, on forms to be furnished by that officer, immediately after such practitioner becomes aware of the existence of any case of scarlet fever or diphtheria in his charge; and in case such person shall fail to report within twenty-four hours he shall be subject to a penalty of not less than $5 nor more than $50, and in case of a second offense the penalty shall be not less than $10 nor more than $100.  In case no physician shall be in charge of such patient, the householder where such case occurred, or person in charge thereof, the parent, guardian, nurse, or other person in attendance upon the sick person, knowing the character of the disease, shall make the report above mentioned, and in case of failure to report shall suffer the same penalties as provided for physicians in this act." [26 Stat. at L. 691, chap. 25.]

We are of the opinion that this act was intended to apply to practising physicians who, being called upon, undertake the treatment of persons suffering from diphtheria or scarlet fever, and does not include those engaged in a special service who decline to treat such a case because not in the line of that service.

Acting as the physician of the dispensary, it was, necessarily,

the duty of the plaintiff in error to examine the person applying
for treatment, in order to ascertain if she came within the estab-
lished scope of its charity, and if so, then to prescribe a remedy.
But such examination alone did not put the patient "in his
charge." He was prohibited by the rules of the dispensary
from taking charge, as its representative, of one found to have
diphtheria; and in obedience to his duty he declined, upon ascer-
tainment of the fact, either to treat or take charge of the suf-
ferer.

Under the ordinary meaning of the language of the statute,
the patient cannot be declared to have been "in his charge," in
violation of his obligation to the dispensary, and against his
own will.

Doubtless it would be a reasonable and beneficial exercise
of the police power, in relation to the public health and safety,
to require all physicians under whose observation a case of
diphtheria or scarlet fever may come, whether they take charge
of the same or not, to make immediate report thereof to the
health officer in order that the necessary precautions may be
taken to prevent contagion. But this statute has not so pro-
vided, and, however beneficial such result might be, it cannot
be given a strained and artificial construction to accomplish the
desired end.

This view of the meaning of the statute under consideration
is strongly supported by the language of a later statute relating
to contagious diseases. The later act to prevent the spread of
contagious diseases was approved March 3, 1897 (29 Stat. at L.
635, chap. 383). It specifies by name certain diseases ordi-
narily considered contagious, but omits scarlet fever and diph-
theria, and in its 1st section declares that "persons in charge of
a case of contagious disease" (as above named) "shall be held
to mean, first, the head of the family in which such case belongs;
second, in his absence or disability, or in case he be the person
sick, the nearest relative or relatives of such case present on the
premises where such case is, and being in attendance on him;
third, in the absence of such relatives everyone in attendance
on such person; fourth, in the absence of anyone so in attend-

ance, everyone in charge of the premises where such person is."

Section 2 then provides "that every physician attending on, or called in to visit, or examining, any case of contagious disease in the District of Columbia, shall immediately cause such case to be properly isolated, and at once send to the health officer of said District a certificate signed by him, which said certificate shall state the name of the disease, and the name, age, sex, and color of the person suffering therefrom, and shall set forth, by street and number, or otherwise sufficiently designate, the house, room, or other place in which said person may be located, together with such other reasonable information relating thereto as may be required by said health officer: Provided, that attending, visiting, or examining any person suffering from a contagious disease shall be prima facie evidence that any physician so doing was aware that such person was suffering from such disease."

The difference between the special provisions of these statutes is substantial and material. By the former the requirement to make report is limited to the physician who has the case in his charge. The latter imposes that duty, not only upon the attending physician, who is the one having the patient in charge, but also upon any physician called in to visit, or who may examine a case of contagious disease.

The police court erred in denying the motion to acquit the defendant, and the judgment will be reversed with costs and the cause remanded, with direction to grant the motion.

*Reversed.*